**UNITED STATES v. DAVID MAYER BREWING CO., Inc., et al.**

Circuit Court of Appeals, Second Circuit.
May 21, 1928.

No. 96.

Intoxicating liquors ⬤⟹277—Decree enjoining manufacture of liquor improperly enjoined defendants from taking or soliciting or accepting orders, under evidence showing only illegal manufacture (National Prohibition Act, tit. 2, §§ 21–23 [27 USCA §§ 33–35]).

National Prohibition Act, tit. 2, § 23 (27 USCA § 35), authorizing injunction against person soliciting or accepting orders for sale, shipment, or delivery of liquor, being inapplicable to case where there is no sufficient evidence of anything more than illegal manufacture, made a nuisance by section 21 (27 USCA § 33), with authority to abate nuisance under section 22 (27 USCA § 34), decree enjoining manufacture of liquor in brewery improperly enjoined defendants from soliciting or taking or accepting orders.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by the United States for a permanent injunction against the David Mayer Brewing Company, Inc., and another to abate a nuisance on certain named premises. Decree for

plaintiff, and defendants appeal. Modified and affirmed.

Sanford H. Cohen, of New York City (George Cohen, of New York City, of counsel), for appellants.

Charles H. Tuttle, U. S. Atty., of New York City (Arthur H. Schwartz, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM. The final decree entered herein grants a permanent injunction against the appellants directing that the David Mayer Brewing Company, Inc., located at 3544–60 Third avenue, borough of the Bronx, city of New York, be declared a common nuisance, and forbids its occupation or use for one year, directs the marshal to lock and seal the entrances to and exits from the brewery, also enjoins the appellants "from soliciting, or taking, or accepting orders for the sale of, or selling intoxicating liquor on said premises or anywhere else in the Southern District of New York." And it provides: "This injunction shall not be construed to prevent the manufacturing and storing of cereal beverages manufactured under a permit duly issued pursuant to the National Prohibition Act (27 USCA) and the regulations made thereunder." The evidence offered by the appellee justified the finding below that there was manufactured in a brewery and taken therefrom in trucks, one of which was apprehended, beer of the forbidden alcoholic content.

A previous suit (U. S. v. David Mayer Brewing Co., Inc., E. 34–23) resulted in a dismissal of the complaint. It does not justify the plea of res adjudicata as to the issues which were presented and tried below. The evidence received, which resulted in the determination below, that a common nuisance existed at the premises, was sufficient and within the pleadings.

The decree will be modified by striking therefrom the following provision: "Likewise enjoining the said defendants from soliciting or taking or accepting orders for the sale of, or selling intoxicating liquor on said premises or anywhere else in the Southern District of New York." Section 21 of the National Prohibition Act (27 USCA § 33) defines a common nuisance to be "any * * * house, building, * * * where intoxicating liquor is manufactured, * * * in violation of this title, and all intoxicating liquor and property kept and used in maintaining the same, is hereby declared to be a common nuisance, and any person who maintains such a common nuisance shall be guilty of a misdemeanor." Section 22 (27 USCA § 34) gives authority to abate such a nuisance and for the issuance of a writ of injunction. Section 23 (27 USCA § 35), which provides that any person who shall solicit, or take, or accept orders for the sale, shipment, or delivery of liquor in violation of the act is guilty of a nuisance, and may be restrained by injunctions, temporary or permanent, has no application to the case at bar, because there is no sufficient evidence of anything more than illegal manufacture.

As thus modified, the decree is affirmed.